## POTTS' APPEAL.

A widow can claim her exemption upon the audit of the estate, if there are no creditors affected by it.

Appeal from the Orphans' Court of Philadelphia County No. 42 July Term, 1881.

The adjudication was as follows:

Thomas Bradfield, Esq., appeared as counsel for the accountant, who also appeared in person.

M. Luther Kohler, Esq., appeared as counsel for Mrs. Emeline A. Potts, claiming as widow of decedent.

Mrs. Emma Waterhouse, formerly Potts, and from whom decedent was divorced, by a decree of the Court of Common Pleas of this County, on April 11, 1863, also appeared in person.

No creditors appeared, and no claims were presented.

The decedent died July 25, 1879, intestate, leaving surviving

him his widow, Mrs. Emeline A. Potts, and one son, the accountant, whose mother is the divorced wife of decedent.

Upon proceeding to consider the annexed account it was found to be correct, so far as respects expenditures by the accountant: but Mr. Kohler objected to the commissions claimed, and the allowance asked for counsel fee.

The ground taken for the objection of Mr. Kohler was that the accountant improperly took out letters of administration, not being entitled to the same, as against the widow of decedent. That he had rendered no services in the settlement of the estate. That he did not file his account at the end of the year after grant of letters, and then not until citation and peremptory order of the Court.

From the evidence it appeared, as stated, that decedent died July 25, 1879, and letters of administration were not taken out by his son until August 11, 1879.

Decedent was then living with his wife; and if the wife had promptly applied to the Register, she, no doubt, would have received letters of administration; and if afterwards she had applied, the Register would have been obliged to vacate the letters granted to the son, upon proof of the marriage to decedent, which took place on April 30, 1863—nineteen days after his divorce from his former wife.

But she did not make any application, and must now be held to have waived her right to administer. Under these circumstances the administrator would be entitled to compensation for his services, had he otherwise acted properly and according to law. But it seems he did not comply with the bond when he took out letters, nor with the requirement of the Act of Assembly, and file his account at the close of the year. Instead of that he obliged the widow to cite him to file his account, interposed an answer thereto, causing further delay, and filed his account under order of the Court on January 15, 1881, five months after it should have been filed. In view of these facts he has forfeited his compensation, and it is no reply to the objection thereto to urge his refusal to recognize the second marriage of his father. He should perform his duty, and the Court would pass upon the right of the

widow as a claimant. For the reasons set forth the commissions claimed are disallowed.

But the allowance for counsel fee is a proper credit. It is not excessive, and the accountant was entitled to spend a reasonable amount for the employment of counsel.

Mr. Kohler further claimed on behalf of the widow of decedent thats he be awarded the sum of three hundred dollars in cash, out of the balance in the hands of the accountant, as her exemption under the Act of 1851.

This was objected to by Mr. Bradfield.

If the rights of creditors were prejudiced by this claim it must be rejected. But there are no creditors. And as the only parties interested are the widow and the accountant, the latter is not injured by her delay in presenting her claim; and as she claims cash no appraisement is necessary. But the safest practice always is to file a petition to be allowed the exemption, even though in cash, as there might be creditors, and have the same passed upon before the settlement of the estate; Kirkpatrick's Estate, 5th Phila., R., 98 ; Farrell's Estate, 4 W. Notes, 383 ; Seller's Estate, 1 Norris, 153.

---

This adjudication was confirmed by the Court, and Nathan R. Potts appealed, complaining of the disallowance of his commission, and allowing the widow $300 exemption.

*T. Bradfield* and *J. S. Powell, Esqs.*, for appellant, argued that the exemption should not have been allowed as the claim was too late; Neff's Appeal, 21 Pa., 243 ; Huffman's Appeal, 81 Pa., 329 ; Davis' Appeal, 34 Pa., 256 ; Baskin's Appeal, 38 Pa., 65 ; Somers' Estate, 9 W. N. C., 559; Sellers' Estate, 82 Pa., 153 ; Baldy's Appeal, 40 Pa., 328 ; Peterman's Estate, 76 Pa., 116 ; Williams' Appeal, 92 Pa., 69 ; Lyman vs. Byam, 38 Pa.. 475.

*H. L. Kohler. Esq., contra.*

The Supreme Court affirmed the deceree of the Orphans' Court on April 3d, 1882, in the following opinion :

PER CURIAM.

We affirm this decree upon the adjudication of the learned judge of the Court below.

Decree affirmed and appeal dismissed at the costs of the appellant.